UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ANTHONY ANTONIO CARTER                                                                PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 1:22-CV-31-RPM

MARK AMADOR et al                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Mark Amador's Second Motion to Dismiss. Doc. [55].  Plaintiff Anthony Antonio Carter, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging excessive force incident to an arrest. Plaintiff was criminally charged in the State Court system with simple assault of an officer, resisting arrest, failure to comply, and possession of drug paraphernalia.  Doc. [55-7] at 8.  These charges arise out of the same incident as Plaintiff's excessive-force claim.  At the time Plaintiff filed his complaint, the criminal charges were still pending.  Because the outcome of the state criminal charges could have an impact on the viability of Plaintiff's civil claim for excessive force, the Court stayed proceedings and administratively closed the case.  Doc. [51].  On June 12, 2024, the Court granted Defendant's motion to reopen the case.  Doc. [53].  Defendant now re-urges his motion to dismiss and argues that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Doc. [55].  Plaintiff has not filed a response in opposition.

In his complaint, Plaintiff alleged that on January 11, 2022, he was at the Island View Casino experiencing an anxiety attack.  Doc. [1].  Several officers with the Gulfport Police Department, including Defendant Officer Amador, arrived on the scene and allegedly used excessive force against him.  Specifically, he alleges officers were kneeling on Plaintiff's back and hitting him continuously with arm bars and dropping knees and elbows on his back.  He

further alleges officers bent him in an awkward position with his hands behind his back. Officers placed him against the SUV, which was pushing into his ribs and chest. According to Plaintiff, they were kneeing him in the back of his left leg and side of his right leg while searching his person. He further alleges the handcuffs were tight on his wrists. Plaintiff alleges that he "never swung, kicked or did any thing towards the officers for them to do like that."

The Court conducted a screening hearing, at which time Plaintiff testified that the alleged excessive force occurred while officers were attempting to restrain and search him. Doc. [55-7] at 10-12, 30-35. He stated that the only reason he sued Officer Amador was because he was kneeing him in the ribs while Plaintiff was on the ground in the process of being handcuffed. *Id.* at 25. According to Plaintiff, Officer Amador had his left arm and was dropping knees on him while he was lying on the ground. *Id.* at 11, 32-33. He further testified that he received blows to his head and legs while pushed against the SUV and being searched. *Id.* at 33. While against the SUV, he stated he had his hands behind his back holding the back of his pants for leverage. *Id.* at 11. He thought he had restraints on his legs at that time as well, but he was not quite sure. *Id.* at 34-35. However, he admitted that at one point he lifted himself off the hood of the SUV. *Id.* at 36-37. Plaintiff reiterated that he did not make any type of violent motion towards the officers and did not resist arrest at any time during the encounter. *Id.* at 11, 17-18, 33, 35. He denies that he kicked Officer Amador or assaulted a police officer. *Id.* at 12-13, 20-21. As a result of the incident, Plaintiff testified he had abrasions on his wrists from the handcuffs and open wounds or "raspberries" on his shoulder and leg where the skin got knocked off. *Id.* at 23-24. He also testified that his right knee felt like it popped out of place when the officers took him down to the ground, but he did not require any medical treatment for his knee. *Id*. at 24.

Plaintiff testified he is 6 feet 7 inches, weighs approximately 270 pounds, and was about a head taller than the arresting officers. *Id.* at 28.

On March 26, 2024, Plaintiff was convicted in Gulfport Municipal Court for failure or refusal to comply with order or direction of a police officer; resisting or obstructing arrest; and simple assault on Officer Amador. Doc. [55-1] [55-3] [55-5]. According to the charging affidavit, Plaintiff refused to back up and remain still when advised to do so by officers, refused to place his hands behind his back by pulling away and refusing to lie on his stomach, and began kicking Officer Amador in the legs during the encounter. Doc. [55-2] [55-4] [55-6]; *see Williams v. McDonough*, No. 22-40281, 2023 WL 2733443, at *2 (5th Cir. Mar. 31, 2023) (holding that probable cause affidavit may be relied upon to discern the factual allegations underlying a conviction).

Pursuant to *Heck v. Humphrey*, a "plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted," unless the plaintiff can prove that this conviction has already been invalidated. *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (citing *Heck*, 512 U.S. at 486–87); *see also Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999). Thus, to determine whether *Heck* precludes Plaintiff's § 1983 claim for excessive force, the Court must determine whether a judgment in Plaintiff's favor would necessarily undermine his conviction for failing to obey, resisting arrest, and simple assault on an officer. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995). The determination of whether a § 1983 claim is barred by *Heck*, "is analytical and fact-intensive, requiring us to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal

conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).  A conviction for assault against a law enforcement officer will not always bar an excessive-force claim under § 1983.  *See Buchanan v. City of Gulfport*, 2012 WL 1906523, at *5 (S.D. Miss. May 25, 2012) (collecting cases).

      Plaintiff alleges he did not disobey orders, did not resist arrest, and did not kick Officer Amador.  Plaintiff's allegations and hearing testimony directly contradict the charges for which he was found guilty.  If Plaintiff were to succeed on his excessive force claim, it would undermine the factual basis for his convictions and thereby negate the basis for those convictions.  *See Ducksworth v. Rook*, 647 F.App'x 383, 386 (5th Cir. 2016); *Daigre v. City of Waveland, Miss.*, 549 F.App'x 283, 286 (5th Cir. 2013).  Accordingly, the Court finds Plaintiff's claims are barred by operation of *Heck v. Humphrey*.

      IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [55] Motion to Dismiss is GRANTED and that Plaintiff's 42 U.S.C. § 1983 civil rights complaint is dismissed with prejudice as to all claims and all defendants.

      SO ORDERED AND ADJUDGED, this the 22nd day of August 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE